UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOUIS WAYNE TEETER, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-405 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
|     Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Respondent's Motion for Summary Judgment. (D.E. 11). On May 1, 2013, United States Magistrate Judge Brian L. Owsley submitted a Memorandum and Recommendation addressing Respondent's Motion for Summary Judgment. (D.E. 13). The Magistrate recommends that Respondent's Motion for Summary Judgment be granted and that a Certificate of Appealability be denied.

On May 16, 2013, Petitioner timely filed Objections (D.E. 14) to the Magistrate Judge's Memorandum and Recommendation, (D.E. 13). Petitioner is entitled to a de novo disposition of those portions of the Magistrate Judge's Memorandum and Recommendation to which timely objections were filed. 28 U.S.C. § 636(b)(1)(C).

In his Memorandum and Recommendation, the Magistrate Judge found that Petitioner's grounds for asserting an ineffective assistance of counsel claim were insufficient to meet his burden to defeat a motion for summary judgment. Petitioner raises three specific failures of his trial counsel in re-urging his claim of ineffective

assistance of counsel in violation of the Sixth Amendment. Petitioner also requests appointment of counsel and a record of sufficient completeness in order to refile his habeas petition. Each item is set out and discussed below.

First, Petitioner objects on the ground that his trial counsel's advice to reject a plea offer of five years fell below the constitutional standard for assistance of counsel. Petitioner raises his complaint specific to a plea agreement for the first time in his Objections. (D.E. 14). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995).

To exhaust a claim, it is not sufficient to complain generally about ineffective assistance of counsel. Instead, the specific error or omission must be identified and submitted to the state court for adjudication. Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("For the purposes of exhausting state remedies, a claim for relief in habeas corpus must include . . . a statement of the facts that entitle the petitioner to relief."). Petitioner's specific complaint as to his counsel's advice regarding the proposed plea bargain was not presented to any Texas court. Because this complaint was not raised in state court, it is unexhausted and thus habeas relief cannot be granted by this Court. Petitioner's first objection is **OVERRULED.**

Second, Petitioner objects because his trial counsel did not offer "self-defense" as an explanation for his actions against the officers. Petitioner raises this argument for the first time in his Objections (D.E. 14). While the Court has discretion to consider these "self-defense" objections on the merits, 28 U.S.C. § 2254(b)(2), these claims were not raised at the state level and are thus unexhausted. Accordingly, for the reasons stated in the discussion of Petitioner's first objection, habeas relief is unavailable.

The argument would also not survive on the merits. Under the Texas Penal Code, "[t]he use of force against another is not justified to resist an arrest or search that the actor knows is being made by a peace officer." Tex. Penal Code Ann. § 9.31(b)(2) (Vernon 2007). Even when the search or arrest is unlawful, force is only justified if "before the actor offers any resistance, the peace officer . . . uses or attempts to use greater force than necessary to make the arrest or search . . . ." Id. at § 9.31(b)(2) and (c).

Because Petitioner's actions fell squarely within the prohibition of § 9.31(b)(2) and outside of the exceptions in § 9.31(c),[1] arguing self-defense would have been patently incompatible with the applicable law and the facts of the case. Therefore, trial counsel's failure to do so at trial was an appropriate trial strategy and cannot support an ineffective assistance of counsel claim. Petitioner's second objection is **OVERRULED.**

Third, Petitioner alleges that the lawyer who filed his direct review appeal and petition for discretionary review at the state level was also ineffective. This is the first

---

[1] The facts on the record clearly establish that Petitioner initiated resistance at all points in the confrontation, thus negating the application of § 9.31(c).

time that Petitioner has raised any claims about his appellate counsel.  Petitioner must exhaust his claims at the state level before this Court can grant habeas relief.  28 U.S.C. § 2254(b)(1)(A).  Petitioner's third objection is **OVERRULED.**

Finally, Petitioner requests that the Court provide him with assistance of counsel and a record of sufficient completeness so that he can prepare and refile a proper habeas petition.  Petitioner is not entitled to a lawyer to file his habeas petition, Pennsylvania v. Finley, 481 U.S. 551, 555 (1974) (declining to adopt a rule requiring counsel for discretionary appeals), and is not entitled to a record of sufficient completeness without being granted *in forma pauperis* status.  28 U.S.C. § 753(f).

More to the point, Petitioner cannot refile a habeas petition because his filing deadline has passed.  A § 2254 habeas petition must be filed within one year from the final judgment date.  28 U.S.C. § 2244(d)(1).  In Petitioner's case, judgment became final on or about December 22, 2010.  The one year statute of limitations was tolled between March 2, 2011 and April 23, 2011, during the pendency of Petitioner's appeal to the Texas Court of Criminal Appeals.  To be considered timely, Petitioner had to file his habeas application by February 11, 2013, and that deadline has passed.  Petitioner's fourth objection is **OVERRULED.**

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 13) and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings, conclusions, and recommendations of the Magistrate Judge.  Accordingly,

Respondent's Motion for Summary Judgment is **GRANTED**, and this action is **DISMISSED**. In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 4th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE