UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOUIS WAYNE TEETER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-405 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending are Petitioner's motions for reconsideration of this Court's September 4, 2013 Order Adopting Memorandum and Recommendation Granting Respondent's Motion for Summary Judgment. (D.E. 23 and D.E. 26).[1] Petitioner's motions for reconsideration are **DENIED** as second or successive. In the event that Petitioner seeks a Certificate of Appealability, such request is also **DENIED**.

### I.   BACKGROUND

Petitioner is a state prisoner currently incarcerated at the Ellis Unit in Walker County, Texas. He filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a state court conviction. Respondent's Motion for Summary Judgment was granted on the basis that Petitioner's grounds for asserting an ineffective assistance of counsel claim were insufficient. (D.E. 20). Petitioner appealed this decision to the U.S. Court of

---

[1] One motion is entitled Petition to Excuse Procedural Defalt (sic), Request For Certificate of Appealability and Notice of Appeal (D.E. 23). The other motion is entitled Petitions for Rehearing; Certificate of Appealability; Evidentiary Hearing, and Notice of Appeal to the United States Court of Appeals, Fifth Ciruite (sic) (D.E. 26). After reviewing the substance of these motions, the Court construes both as motions for reconsideration.

Appeals for the Fifth Circuit on September 16, 2013 and on September 20, 2013, and the identical filings were also entered as the pending motions for reconsideration. (D.E. 22, D.E. 23, D.E. 26 and D.E. 27).

## II.     MOTION TO RECONSIDER

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Petitioner filed his motions within twenty-eight days after entry of final judgment, they are treated as motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. To prevail on such a motion, the movant must show at least one of the following: 1) an intervening change in controlling law, 2) new evidence not previously available, or 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In some instances, a petitioner bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Any other claim must be considered second or successive. *Id*.

### III.   ANALYSIS

Petitioner asks the Court to reconsider its order, judgment, and denial of certificate of appealability for the same reasons already considered by this Court. (D.E. 13 and D.E. 20). Petitioner asserts that this Court failed to construe his pleadings liberally as required because there are "substantial facts in dispute and [the] state evidentiary hearing was ineffective." (D.E. 26, Page 2). Petitioner's pending motions are an attempt to rehash the issues previously presented in the request for habeas relief and thoroughly addressed by this Court.

Claims already presented or those challenging the Court's resolution of those claims constitute second or successive claims which must be dismissed. *See Gonzalez*, 524 U.S. at 532. A movant is required to seek and to acquire the approval of the Fifth Circuit before filing a second § 2254 motion before this Court. *See* 28 U.S.C. § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be dismissed); *Leal Garcia v. Quaterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain

authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.") Petitioner's motion and the record do not indicate he has obtained such permission.

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the District Court. See 28 U.S.C. § 2244 (b)(3)(A). See also *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a prima facie showing that his application satisfies the statute,[2] dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit.

---

[2] Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

## IV. CONCLUSION

Accordingly, Petitioner's motions for reconsideration (D.E. 23 and D.E. 26) are **DENIED** as second or successive without prejudice to refiling if proper authorization is obtained from the Fifth Circuit.

ORDERED this 11th day of October, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE